KAHN, J.,
concurring.
I concur fully in the opinion denying the Petition for Writ of Certiorari. After reviewing the transcript of the hearing, attached as an appendix to the petition, I conclude that the trial court was well aware of, and did apply, the appropriate test. During a discussion with the attor *85 neys, Circuit Judge Mitchell * acknowledged the appropriate case law and specifically mentioned the case here cited by the dissent, Tampa Medical Assoc. v. Estate of Torres, 903 So.2d 259 (Fla. 2d DCA 2005). Reviewing the Torres decision, Judge Mitchell noted that the trial judge in that case had stated, “the Estate had made a specific showing of need and inability to obtain equivalent information, without undue hardship, which entitled it to obtain copies of the incident reports.” Id. at 260-61. Clearly recognizing that the appropriate showing had actually not been made in Torres, Judge Mitchell went on to note,
[Tjhat’s one of the problems we have with all the nursing home cases, not all, because not all of the people are — some of them are physically infirmed as opposed to mentally, but that’s why I’m going to read it. I mean, you know, I understand the privilege, but there are exceptions to the privilege.... And I’m going to try to determine whether or not this is an exception.
Accordingly, I have no problem in determining, without any real doubt, that the trial court completely understood the appropriate test, and proceeded to apply that test, having given due consideration to the case law. Nevertheless, and assuming ar-guendo that the trial court’s order is facially deficient, we are perfectly able to review the appendices before us and determine that respondent, as the party seeking production, met its burden under the second prong of Florida Rule of Civil Procedure 1.280(b)(3), that being inability to obtain equivalent information without undue hardship. See Fla. Power Corp. v. Dunn, 850 So.2d 655 (Fla. 2d DCA 2003). The trial court here applied the appropriate test and properly ordered production of the items in question.

 The record reflects that Judge Mitchell presided at the motion hearing, whereas Judge Car-ithers signed the order that is the subject of the petition for writ of certiorari.